Mr. Justice Ti-iacheR
delivered the opinion of tile court.
The object of this bill in the vice-chancery court at Carrollton, is to set aside a sheriff’s sale, and vacate his deed to certain lands
*153 It is charged, that the sheriff of Holmes county sold the lands by virtue of an execution, during the term time of the circuit court of that county, but after having postponed the sale from day to day. It is also insisted that Miles, the purchaser, was apprized of this circumstance, having been a bidder at one of the postponed sales.
Thg sheriff of Holmes county has, by law, until the middle of each term of the circuit court, to sell any property under execution, but he is not authorized to continue sales from day to day during that time. H. & H. 656, sec. 87; Acts, 1840, ch. 139, sec. 1.
The record shows the facts of the case to be as above stated, and they constitute, in our estimation, the sale illegal, and Miles chargeable with notice of the irregularity of the sheriff in executing the process of execution. He, therefore, cannot be protected in his title. The case falls within the exception made in The President, &c. of Natchez v. Minor, 10 S. & M. 246.
And the complainant charges also, that he tendered to the defendants the amount of purchase money paid by them for the lands, and at the hearing in this court adhered to his willingness to do this equity. We therefore adjudge the decree of the vice-chancellor to be reversed, and a decree entered in this court, setting aside the sheriff’s sale, and vacating his deed upon complainant paying to the defendants the amount of money paid by them in consequence of the purchase, with the interest accrued thereon, and legitimate charges.
Mr. Chief Justice Shakkey, not having heard the argument, gave no opinion.